**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**JOSE MARTINEZ-CINTRON**

   **Petitioner**

   **v.**                                       **CIVIL NO.   02-1704 (DRD)**

**UNITED SATES OF AMERICA**

   **Defendants**

## ORDER

Petitioner's Section 2255 motion (Docket No. 1) is hereby **DENIED** as are his amended motions (Docket Nos. 7 and 8).

In his initial motion (Docket No. 1) petitioner contends that trial counsel was ineffective because he failed to defend his rights on certain inconsistent aspects of his claim. He also contends counsel coerced petitioner's wife in an attempt to have petitioner change his plea. Lastly, he claims counsel simply was not interested in the outcome of his case. These claims are all generic and perfunctory in nature, and, as such are deemed waived. See, e.g., Lockhart v. United States, 2001 WL 34134341*3 (D.R.I.) (rejecting 2255 claims based on general, perfunctory statement which did not specifically identify witnesses or evidence to support the same).

Notwithstanding, petitioner's claims are also meritless. He in fact stood trial, hence, any claim of coercion to plea is simply moot. Furthermore, the record of the underlying criminal case (No. 00-335(DRD)) evidences that counsel reasonably and ably performed his representation of petitioner, both at trial and sentence. See transcripts of trial (Docket Nos. 106, 107 and 108) and sentence (Docket Nos. 109 and 110). Accordingly, no claim of ineffective assistance at trial and sentence lies. See Strickland v. Washington, 446 U.S. 668, 687-88 (1984) (holding that for ineffective assistance claim to prosper, counsel must have acted in an objectively unreasonably manner). *See also*, Cirilo Muñoz v.. United States, 404 F.3d 527, 530 (1st Cir. 2005)(requiring that "an ineffective assistance claim requires the defendant-who bears the burden of proof, Scarpa v. DuBois, 38 F.3d 1, 8-9 (1st Cir. 1994)-to show  (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's failures, the outcome would

**Civil 02-1704 (DRD)**                                                                 2

likely have been different)(citations omitted).

In his amended 2255 motion (Docket No. 7), petitioner asserts that the Court applied a wrong guideline range due to the fact that an additional point was added to his criminal history. Had this point not been added, he would have been sentenced to at least twenty (20) less months of prison time. The Court notes that this issue was indeed litigated at the sentencing hearing. See transcript of sentence (Docket No. 110) at pages 3-7. Furthermore, petitioner did not raise this issue on direct appeal. See March 4, 2003 judgment of Court of Appeals (Docket No. 111 of criminal case). Section 2255 is not a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Notwithstanding, the Court has once again reviewed the presentence investigation report, as well as its sentencing calculations and reasons for adding the extra point to petitioner's criminal history. The Court's ruling stands as correct. Pursuant to U.S.S.G. § 4 A 1.1 (f) the one (1) additional point in question was added as petitioner committed a crime of violence for which he did not receive points under §§ 4 A 1.1 (a), (b) or (c). At sentencing, the Court noted that petitioner pled guilty in another state case which was consolidated with his 2000 robbery case. See PSR at 7-8; sentencing transcript (Docket No. 110 at page 4). This case involved the restriction of a woman by placing her in a bathroom at gunpoint while committing the robbery.

Finally, in his second amended motion (Docket No. 8), petitioner contends that the Court committed a Blakely error in applying sentencing upwards enhancements for "official victim", U.S.S.G. § 3 A 1.2 (b) and physical restraint of victim, U.S.S.G. § 2 B 3.1 (b)(4)(B). Petitioner submits such sentencing findings should have been made by a jury based on evidence beyond a reasonable doubt. This claim also fails as in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the Supreme Court held that the Sentencing Guidelines are advisory, thus, such findings need not made by the jury. More so, the Court simply finds no plain error in its sentence so as to have warranted a resentence. See United States v. Antonakopoulos, 399 F. 3d 68, 80 (1st Cir. 2005)("Nothing in Booker requires submission of such facts to a jury so long as the Guidelines are not mandatory" referring to "a sentence beyond the authorized solely by the jury or guilty plea" as opposed to a sentence beyond a statutory maximum). Further, Booker allegations are **not** retroactive to cases on a collateral review basis as is the instant case. Cirilo Muñoz v.. United States, 404 F.3d

**Civil 02-1704 (DRD)** 3

at 533.

Accordingly, the petitioner's Section 2255 motion must be **DENIED** in its entirety and the same is hereby **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 16th day of August, 2005.

                                               **S/DANIEL R. DOMINGUEZ**
                                               **DANIEL R. DOMINGUEZ**
                                               **U.S. DISTRICT JUDGE**